## Case No. 17,608.

WICKE v. KLEINKNECHT et al.

[1 Ban. & A. 608; [1] 7 O. G. 1098.]

Circuit Court, S. D. New York. Dec., 1874.

PATENTED MACHINE—LIMITED LICENSE TO USE—UNLAWFUL USE—DEMAND FOR ROYALTIES—EFFECT.

1. Where a machine was licensed for use in a particular territory, *held*, that the use of it by subsequent purchasers, in territory other than that for which it was licensed, was unlawful.

2. The mere fact that the agent of the patentee, after the transfer of the machine to the unlicensed territory. demanded of the purchasers the back royalties due upon it, for use in the licensed territory. conferred no right to use it outside the territory named in the license.

In equity.

This was an action brought by the complainant [William Wicke]. assignee of the invention for a specified territory, under the *patent of* George Wicke, granted June 16, 1863, for a "machine for nailing boxes." The complainant, by assignment, acquired the exclusive right under said patent for the state of New York. The remaining territory was owned by the original patentee. but the complainant was his attorney, authorized to collect royalties and grant licenses for said territory. Under this power of attorney he licensed one Oppel to use one of the patented machines in Newark. New Jersey. Oppel sold this machine to the defendants [Henry Kleinknecht and others], who took the same to New York, and there used it. Suit was brought, and defendants pleaded an implied license, which, they claim, they derived from the complainant, through his demand on them for payment of certain royalties due from Oppel at the time he sold the machine.

A. V. Briesen, for complainant.

J. Van Santvoord and F. Forbes, for defendants.

BLATCHFORD, District Judge. The evidence in this case leaves no doubt that the plaintiff is entitled to a decree. By the purchase, by one of the defendants, from Oppel. of the machine in question. and by the transfer from Oppel to such defendants, of the rights of Oppel, under the written license given by George Wicke to Oppel, neither of the defendants acquired any right to use such machine in the territory belonging to the plaintiff under the patent. The plaintiff was the agent of George Wicke, in respect to the license to Oppel. and he never demanded any license fee from either of the defendants, in respect of any other use of the machine. than a use of it under and in accordance with the terms of the license to Oppel. which did not embrace a use of it in territory owned by the plaintiff. Oppel had no right to use the

[1] [Reported by Hubert A. Banning. Esq., and Henry Arden, Esq., and here reprinted by permission.]

machine in the plaintiff's territory, and could convey none. The plaintiff has given no license, direct or indirect, express or implied, to either of the defendants to use the machine in his territory.

[NOTE. For another case involving this patent, see Wicke v. Ostrum, 103 U. S. 461.]